### GEO. C. MILLER SONS' CARRIAGE CO. v. MILLER & SONS' CO.

DECREE FOR PAYMENT OF CLAIMS NOT STATED IS VOID.

A provision in the decree in a foreclosure suit for the payment of taxes and ground rents is void where no statement of any claim in favor of the treasurer or landlord appears in the pleadings ; and the fact that the decree was entered by consent of the parties does not render it valid.

HEARD ON ERROR.

*Howard Douglass* and *Geo. W. Harding*, for plaintiff in error.

*J. L. Logan*, contra.

PER CURIAM.

The defendant in error commenced an action against the plaintiff in error to foreclose a mortgage upon a certain leasehold estate and averred in its petition that " its claim is in the nature of a second mortgage, that there is a claim and lien for $40,000 on said premises, which is prior to and better than plaintiff's, and that said premises are not sufficient in value to discharge the said lien and this mortgage."

A decree was rendered in favor of plaintiff, the property sold for $5,000, and, upon distribution, the sheriff was ordered to pay to the treasurer of the county the taxes, $347.96, then a lien on said property, and to M. M. White, agent and trustee, $1,714.12, " being the ground rent under the terms of the lease herein to April 1, 1897."

Subsequently the defendant filed a motion to set aside and vacate so much of the order of distribution as directed the payment of taxes and ground rent, and also filed an answer and cross-petition for the same purpose, on the grounds:

First—That the court had no jurisdiction to make the order.

Second—Neither the treasurer, nor M. M. White, trustee, to whom the money was ordered paid, was a party to the suit.

The court undoubtedly had jurisdiction of the defendant and of the subject matter, to-wit, the proceeds of sale of the leasehold; but it is claimed that there was no statement of any claim in favor of the treasurer, or M. M. White, trustee, and that an order for payment of such a claim is null and void.

Spoors v. Coen, 44 Ohio St., 497, is relied on, the last proposition of the syllabus being as follows:

" The judgment of a court upon a subject of litigation within its jurisdiction, but not brought before it by any statement or claim of the parties, is null and void, and may be collaterally impeached.

It may be conceded that no statement or claim of the taxes or ground rent appears in the pleadings; yet the fund being before the court for distribution, and the judgment debtor being a party defendant, it is urged that there could be no valid objection to the court making such distribution as the parties might agree to.

The plaintiff, in its reply to the answer and cross-petition of the defendant, avers that the defendant consented and agreed to the decree of confirmation and distribution, and that its counsel endorsed such consent upon the original entry. This presents an issue of fact which was heard upon evidence, no part of which is brought before this court by a bill of exceptions. But, assuming that such consent was fully shown, does that render valid a judgment otherwise void ? Whether consent be given or not, the judgment is the act and decision of the court, and if the court is without authority the parties can not confer it.

In Rosebrough v. Ansley, 35 Ohio St., 107, the first proposition of the syllabus is as follows:

" A judgment for a sum greater than the amount due upon the cause of action as stated in the record is erroneous; and the previous consent of the parties that such judgment might be rendered does not cure the error."

And at page 111, McIlvaine, J., says:

" No one would contend that a judgment would be sustained on the ground of consent if the record showed that no cause of action existed against the party consenting; and we think it is equally fatal to a judgment under our practice, if no statement of the cause of action appear on the record."

In the case before us there is no statement or claim for taxes or ground rent, except as appear in the order of distribution.

The prayer of the petition is that the proceeds of sale be applied to the payment of plaintiff's judgment, and yet the taxes and ground rent are ordered to be first paid. Althought the general rule is that a reviewing court will not reverse a judgment at the instance of a party consenting thereto, still we think this ca e comes within the exception stated in Rosebrough v. Ansley, *supra*. The fact that neither the treasurer nor M. M. White, trustee, were made parties to the suit is immaterial. Had the plaintiff stated their interest in the property, and the court had so found, the defendant could not afterwards question it. The want of any statement or claim is the material omission.

Judgment reversed and cause remanded.